**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.11-CV-3448 |
| | ) | |
| HEARTLAND ENTERPRISES, INC., | ) | |
| HEARTLAND HOME FINANCE, INC., | ) | |
| HEARTLAND MORTGAGE COMPANY, | ) | |
| MORTGAGE DATA, INC., JAY DUNSING, | ) | |
| and DONALD FLYNN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Presently before us is a motion for summary judgment filed by Plaintiff Hartford Fire Insurance Company ("Hartford"). The underlying complaint for breach of contract is brought against Defendants Heartland Enterprises, Inc., Heartland Home Finance, Inc., Heartland Mortgage Company, Mortgage Data, Inc., Jay Dunsing, and Donald Flynn (collectively "Defendants"). Defendants failed to respond to the motion. For the reasons stated below, we grant Hartford's motion for summary judgement.

**BACKGROUND**[1]

In February 2002, and June 2003, Defendants executed General Indemnity Agreements in

---

[1] As Defendants did not respond to Hartford's motion for summary judgment and the accompanying Rule 56.1 statement of uncontested facts, we accept Hartford's facts as true.

1

favor of Hartford (collectively referred to herein as "Indemnity Agreements") in which they, jointly and severally, agreed to indemnify Hartford from and against any and all loss and expense of whatever kind which Hartford may incur as a result of furnishing any bond and/or enforcement of the General Indemnity Agreement. (Rule 56.1 Stat. ¶¶ 13, 14.) Defendants admit that each executed the Indemnity Agreements. (*Id.*)

Between December 2003 and April 2007, Hartford issued bonds at the request of Heartland Home Finance totaling $545,000. (*Id.* ¶ 12.) Hartford received various claims on these bonds and incurred losses; it also incurred expenses attempting to enforce the terms and conditions of the Indemnity Agreements. (*Id.* ¶¶ 15, 21, 22.) As of April 2011, losses and expenses totaled $224,793.04, and Hartford continues to incur and pay additional losses and expenses.

## STANDARD OF REVIEW

Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue for trial exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). This standard places the initial burden on the moving party to identify those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (internal quotations omitted). Once the moving party meets this burden of production, the nonmoving party "must go beyond the pleadings" and identify portions of the record demonstrating that a material fact is genuinely disputed. *Id.*; Fed. R. Civ. P. 56(c). In deciding whether summary

judgment is appropriate, we must accept the nonmoving party's evidence as true, and draw all reasonable inferences in that party's favor. *See id.*, 477 U.S. at 255, 106 S. Ct. at 2513.

## ANALYSIS

Illinois courts have consistently enforced a surety's right to indemnity. *See, Hanover Ins. Co. v. Smith*, 137 Ill. 2d 304, 561 N.E.2d 14 (Ill. 1990)*; Mountbatten Surety Co., Inc. v. Szabo Contracting, Inc.*, 349 Ill. App. 3d 857, 868, 812 N.E.2d 90, 100 (2nd Dist. 2004); *U.S. Fid & Guar. Co. v. Klein Corp.*, 190 Ill. App. 3d 250, 254, 558 N.E.2d 1047, 1049 (1st Dist. 1990). It is well-settled Illinois law that indemnity agreements are contracts and are subject to the rules for interpreting contracts. *Hanover Ins. Co. v. Smith*, 182 Ill. App. 3d 793, 796, 538 N.E.2d 710, 712 (1st Dist. 1989), *aff'd, Hanover,* 137 Ill. 2d 304, 561 N.E.2d 14; *Fort Dearborn Cartage Co. v. Rooks Transfer Co.*, 136 Ill. App. 3d 371, 274, 483 N.E.2d 618, 620 (1985). Therefore, when an indemnity agreement provides in clear and unambiguous language that a surety is entitled to full reimbursement from its principal, courts must honor the agreement and its contractual obligations. *See generally Gardner v. Padro,* 164 Ill. App. 3d 449, 517 N.E.2d 1131, 1133 (2nd Dist. 1987) ("In construing a contract the primary objective is to give effect to the intent of the parties at the time they entered into the contract. . . . When the contract terms are clear and unambiguous, the intent of the parties must be discerned only from the language used in the contract itself." (internal citations omitted)).

Here, there is no dispute that the Defendants entered into Indemnity Agreements, the terms of which are plain and unambiguous: Defendants agreed to indemnify Hartford for any and all liability, including expenses, that Hartford may incur as a result of issuing the bonds. As Hartford has incurred at least $224,793.04 in losses and expenses, and Defendants have failed to

3

indemnify Hartford for these losses and expenses, Hartford is entitled to summary judgment on its breach of contract claim.

## CONCLUSION

For the reasons set forth above, we grant summary judgment in favor of Plaintiff Hartford Fire Insurance Company. Defendants are jointly and severally liable for the amount of $224,793.04, as well as any additional losses incurred by Hartford Fire Insurance Company in enforcing the Indemnity Agreements. It is so ordered.

                                              _____
                                              Marvin E. Aspen
                                              United States District Judge

Dated: Chicago, Illinois
           March 19 2012